**FILED**

OCT 1 7 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
       DL

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVEL ONE COMMUNICATIONS, INC., ) | NO.  CV S-99-2488 GEB/GGH |
|               Plaintiff, ) | |
|     v. ) | |
| ALTIMA COMMUNICATIONS, INC., ) | <u>ORDER</u> |
|               Defendant. ) | |

     Plaintiff Level One Communications, Inc. ("Level One") moves to strike Defendant Altima Communications, Inc.'s ("Altima") expert report of Harry Manbeck, Jr. Esq., dated July 31, 2002 ("Manbeck Report") and requests that Mr. Manbeck be precluded from testifying on matters contained in the Manbeck Report.  In the alternative, Level One requests that it be granted an extension to submit a rebuttal to

the Manbeck Report.[1] Altima opposes the motion. The motion is granted in part and denied in part.

Level One has not provided authority supporting its motion to strike; therefore, its motion to strike is denied.

Level One also requests that Manbeck be precluded from testifying in the future because the Manbeck Report reveals that his testimony would be "irrelevant, unreliable and prejudicial" since "he improperly opines on the law" and "offers opinions on ultimate questions even though he is unqualified to offer such opinions." (Pl.'s Mot. to Strike at 2.) Expert witnesses are generally not permitted to provide legal opinions, as matters of law are to be determined by the court. Aguilar v. Inter'l Longshoremen's Union Local No. 10, 966 F.2d 443, 447 (9th Cir. 1992); Marx & Co., Inc. v. Diner's Club, Inc., 550 F.2d 505, 509-10 (2d Cir. 1977). In patent cases, "the construction of a patent, including terms of art within its claim, is exclusively within the province of the court." Markman v. Westview Instruments, Inc., 517 U.S. 370, 372 (1996). "[E]xpert testimony. . . may be used only to help the court come to the proper understanding of the claims; it may not be used to vary or contradict the claim language." Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1584 (Fed. Cir. 1996). However, when proffered testimony about construction "amounts to no more than legal opinion. . . the court has complete discretion to adopt the expert legal opinion as its own, to find guidance from it, or to ignore it entirely, or even to exclude

---

[1] Level One's request that it be granted an extension to submit a rebuttal to the Manbeck Report is moot because it submitted the Initial Expert Report of Larry S. Nixon which responds to the Manbeck Report on September 6, 2002. (Def. Opp'n to Mot. to Strike at 4; Decl. of Scott R. Mosko Ex. A.)

it." Markman v. Westview Instruments, Inc., 52 F.3d 967, 983 (Fed. Cir. 1995).

During the hearing on Level One's motion, held on September 30, 2002, Altima conceded that it intended to have Manbeck testify both at a Markman hearing and trial and give opinions embodying legal conclusions on the issues: (1) the differences between the form of independent and dependent claims, (2) whether claim 8 of United States Patent No. 5,742,603 ("'603 patent"), as issued, is invalid for indefiniteness, (3) the duty of patentees to check their patents for errors, and (4) the reasons why certificates of correction are not retroactively effective. (Pl.'s Mot. to Strike Ex. A at 2.) Instead of articulating how these issues involve both factual and legal issues, Altima explained that the procedures and practice of the U.S. Patent and Trademark Office often involve both factual and legal issues. (Rep.'s Tr. Mot. to Strike Expert Report at 25.) This explanation is unhelpful because Level One has withdrawn its motion to exclude Manbeck's testimony on the practice and procedure of the U.S. Patent and Trademark Office. Since legal instructions for the jury and conclusions of law are within the province of the judge, not that of an expert, Manbeck is precluded from testifying at trial about the differences between dependent and independent claims, whether the '603 patent is invalid for indefiniteness, the duty of patentees to check their patents for errors, and the reasons why certificates of

///
///
///
///
///

correction are not retroactively effective. Cf. <u>Aguilar</u>, 966 F.2d at 447.

    IT IS SO ORDERED.

Dated: October 15, 2002

_____
GARLAND E. BURRELL, JR.
UNITED STATES DISTRICT JUDGE

United States District Court
for the
Eastern District of California
October 17, 2002

* * CERTIFICATE OF SERVICE * *

2:99-cv-02488

Level One Co

   v.

Altima Com Inc

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  October 17, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
        Richard Pachter                        SF/GEB
        Stevens and O'Connell
        400 Capitol Mall
        Suite 1400
        Sacramento, CA   95814

        Brian R Nester
        PRO HAC VICE
        Fish and Richardson
        1425 K Street NW
        Washington, DC   20005

        Scott R Mosko
        Finnegan Henderson Farabow Garrett and Dunner
        700 Hansen Way
        Palo Alto, CA   94304

        Wayne Lee Ordos
        Kahn Soares and Conway
        1112 I Street
        Suite 200
        Sacramento, CA   95814

        Dale A Stern
        Kahn Soares and Conway
        1112 I Street
        Suite 200
        Sacramento, CA  95814
```

E Patrick Ellisen
Oppenheimer Wolff and Donnelly
1400 Page Mill Road
Palo Alto, CA  94304

Jack L. Wagner, Clerk

BY: *KCarlo*
Deputy Clerk